IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION



| | | |
|---|---|---|
| LEONARDO DEL ROSARIO and EVELYN WEST, | : | |
| Plaintiffs, | : | |
| vs. | : | CIVIL ACTION NO.: CV204-036 |
| KING & PRINCE SEAFOOD CORPORATION EMPLOYEE STOCK OWNERSHIP PLAN; GUY STILL; ROBERT P. BRUBAKER; DENNIS J. SULLIVAN, and JOHN L. WILLIAMS, | : | |
| Defendants. | : | |

## ORDER

Plaintiffs filed a Motion for Enforcement of Discovery requesting that Defendants provide documents they claim are protected by attorney-client privilege. Defendants filed a response. Plaintiffs filed a Reply to which Defendants filed a Surreply. The Court held a hearing to allow arguments to be heard from the Parties. In an Order dated September 15, 2005, the undersigned directed Defendants to produce unprivileged documents to Plaintiffs, and to produce to the Court, for *in camera* inspection, documents which Defendants assert are privileged. At the Court's direction, Plaintiffs filed a third brief discussing the privileged documents at issue, to which Defendants filed a Response.

### ISSUES PRESENTED

Whether documents submitted by Defendants for *in camera* inspection are protected by the attorney-client privilege, or subject to production due to:

    I.    The organization and description of documents listed in Defendants' privilege log;

    II.      The application of the fiduciary exception;

    III.     Defendants' waiver of the attorney-client privilege due to their use of the same law firm for counsel on both fiduciary and non-fiduciary issues; and

    IV.     The application of the crime-fraud exception.

## DISCUSSION AND CITATION TO AUTHORITY

**I. Defendants' Organization and Description of Privilege Log Documents.**

Plaintiffs assert that Defendants have arbitrarily categorized their documents. Plaintiffs contend that Defendants' privilege log reveals that documents similar to those that Defendants have previously released to Plaintiffs are also found in Groups One and Four.[1] Specifically, Plaintiffs contend Defendants have already released documents that relate to Employee Stock Ownership Plan ("ESOP") amendments and that this inconsistency supports their contention that the documents under review should be produced.

Defendants assert that Plaintiffs' categorization of the listed documents is "overly simplicistic" and "disregards critical distinctions between documents placed in different categories." (Doc. No. 153, p. 10.) Defendants contend that Plaintiffs inaccurately rely on

---

[1] According to Defendants, Documents in Group One are privileged documents relating to proposed or enacted amendments to the plan document; Group Two documents relate to proposed or enacted amendments to the ESOP payment policy; Group Three documents concern the valuation of King & Prince Seafood Corporation stock owned by the ESOP and communications with ESOP participants; and Group Four documents are those relating to legal advice obtained by King & Prince in its corporate capacity, rather than in its capacity as a plan sponsor. (Doc. No. 153, p. 3.) Defendants have provided Plaintiffs with documents they have determined to fall in Groups Two and Three, subject to their objections that these documents do not fall within the fiduciary exception to the attorney-client privilege and production of these documents does not constitute a waiver of the attorney-client privilege.

2

two documents to support their case. Defendants aver that a memo from Dennis Sullivan to Robert Brubaker does not contain legal advice and is distinguishable from the documents in Groups One and Four. Defendants also aver that they inadvertently produced Sullivan's February 2003 memo which contains substantive discussion between Sullivan and attorney Susan Peters Schaefer regarding Amendment Seven.

Plaintiffs' arguments regarding the organization and content of Defendants' log are without merit. Defendants have provided the information necessary for the parties and the Court to properly consider the content of these documents without vitiating Defendants' assertions of privilege. Further, the documents provided to the Court appear to be consistently categorized according to the topics designated by the Defendants. Defendants have not waived the attorney-client privilege by producing documents which Plaintiffs contend are similar in content to those which Defendants assert are privileged.

## II. The Fiduciary Exception.

Plaintiffs argue that the documents in Groups One and Four are subject to the fiduciary exception to the attorney-client privilege. Plaintiffs contend that the Defendants' descriptions indicate that attorneys designated as ESOP counsel advised ESOP trustees, who owed a fiduciary obligation to Plaintiffs, about plan administration. Plaintiffs contend that documents discussing distribution alternatives should be produced because this was a discretionary matter under the plan document.

Defendants contend that the fiduciary exception is inapplicable to these documents because many of these documents pertained to amendments to the plan document. Defendants recognize that adoption and revision of Payment Policy may qualify as an

3

administrative function under the fiduciary exception; however, they assert that ESOP distributions accomplished through Plan amendments are settlor functions. Defendants assert that documents containing both fiduciary and non-fiduciary matters were provided to Plaintiffs with privileged portions pertaining to non-fiduciary functions redacted.

Although other Circuits have explicitly recognized the fiduciary exception in the Employee Retirement Income Security Act ("ERISA") context,[2] its application in the Eleventh Circuit is an issue of first impression. According to the Second Circuit, the fiduciary exception to the attorney-client privilege states that "an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration." In re Long Is. Lighting Co., 129 F.3d 268, 272 (2d Cir. 1997). The Ninth Circuit has elaborated upon this basic statement and said,

> where an ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the attorney-client privilege against the plan beneficiaries. On the other hand, where a plan fiduciary retains counsel in order to defend herself against the plan beneficiaries . . . the attorney-client privilege remains intact.

United States v. Mett, 178 F.3d 1058, 1064 (9th Cir. 1999). This exception is based upon the principle that ERISA requires a fund trustee to act solely in the interest of a plan's participants and beneficiaries. United States v. Doe, 162 F.3d 554, 556 (9th Cir. 1998). However, ERISA does not prevent an employer from eliminating previously offered benefits that are neither vested nor accrued, and does not inhibit employers from acting in a "dual

---

[2] Some state courts have declined to recognize the fiduciary exception. See e.g., Huie v. Deshazo, 922 S.W.2d 920, 923-26 (Tex. 1996); Wells Fargo Bank v. Superior Court, 22 Cal. 4th 201 (2000).

capacity" as plan fiduciary and employer. Phillips v. Amoco Oil, Co., 799 F.2d 1464 (11th Cir. 1986) (discussing fiduciary duties of plan sponsors). In other words, "[A]n Employer acts as an ERISA fiduciary only in plan management or administration, not in the plan's design or amendment." In re Long Is. Lighting, 129 F.3d at 271; see also Curtis-Wright Corp. v. Schoonejongen, 514 U.S. 73, 78, 115 S. Ct. 1223, 1228, 131 L. Ed. 2d 94 (1995) (citing Adams v. Avondale Industries, Inc., 905 F.2d 943, 947 (6th Cir. 1990)) (stating that under ERISA, employers and plan sponsors are "free at any time, to adopt, modify, or terminate welfare plans"); Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1161 (3d Cir. 1990) ("virtually every circuit has rejected the proposition that ERISA's fiduciary duties attach to an employer's decision whether or not to amend an employee benefit plan."); Izzarelli v. Rexene Prods. Co., 24 F.3d 1506, 1524-25 & n.3 (5th Cir. 1994) ("ERISA simply does not prevent a company from eliminating previously offered benefits that are neither vested nor accrued.").

A review of the documents submitted for *in camera* inspection reveals that the fiduciary exception to the attorney-client privilege does not apply in these circumstances. The documents consist of communications subject to the attorney-client privilege concerning plan amendments, not plan administration. See Curtis-Wright Corp., 514 U.S. at 78. It is evident from the submitted documents that ERISA trustees sought the guiding hand of counsel to determine the implications of proposed plan amendments; thus, these documents remain privileged and are not subject to the fiduciary exception to the attorney-client privilege.

AO 72A
(Rev. 8/82)

### III. Waiver of Attorney-Client Privilege.

Plaintiffs contend that Defendants waived the attorney-client privilege by employing the same counsel for the Company and ESOP. Plaintiffs aver that Defendants Sullivan and Brubaker were serving as ESOP trustees and plan fiduciaries. By providing documents in Groups One and Four to Defendants Sullivan and Brubaker, Plaintiffs allege that Defendants waived the attorney-client privilege. Plaintiffs argue that a memorandum from Sullivan describes Schaefer as their ESOP attorney and defeats the assertion that these attorneys gave King & Prince advice in its corporate sponsor capacity.

Defendants aver that they did not waive the attorney-client privilege by retaining the same legal counsel to provide advice to the Company and the ESOP. Defendants contend that ERISA and relevant case law allows this practice. Defendants further assert that Plaintiffs have ignored the distinction between ESOP administrative matters and settlor functions.

The Eleventh Circuit has not addressed the waiver of attorney-client privilege in the context of ERISA and fiduciary obligations. The Second Circuit determined that "when a lawyer gives advice to the employer (1) as employer on matters that are non-fiduciary under ERISA, and (2) as plan fiduciary, the privileged consultation on non-fiduciary matters does not defeat the fiduciary exception that allows beneficiaries to discover the otherwise privileged communications on fiduciary matters." In re Long Is. Lighting Co., 129 F.3d at 272. (interpreting and clarifying Washington-Baltimore Newspaper Guild v. Washington Star Co., 543 F. Supp. 906 (D.D.C. 1982)). Recognizing the fiduciary exception to the attorney-client privilege, the Second Circuit held that the ability of a party to invoke the attorney-client privilege turned on whether the communication sought for disclosure

6

involved a matter "which the employer owed a fiduciary obligation to the beneficiaries." In re Long Is. Lighting Co., 129 F.3d at 272. As previously discussed, plan amendments by employers or plan sponsors do not implicate fiduciary duties. See id. See also, Hozier, 908 F.2d at 1161 (3d Cir. 1990); Izzarelli, 24 F.3d at 1524-25 & n.3 (5th Cir. 1994).

After reviewing Defendants' documents, the Court has determined that Defendants have not waived the attorney-client privilege for documents listed in Groups One and Four. Defendants' use of the same firm for both fiduciary and non-fiduciary issues does not vitiate the attorney-client privilege for documents in alternate Groups which Defendants assert are privileged. See In re Long Island Light Co., 129 F.3d at 272. As Defendants have proffered, the documents under review pertain to specific proposals for plan amendments and design, not plan administration. See Curtis-Wright Corp., 514 U.S. at 78, 115 S. Ct. at 1228 (stating that employers are free to amend plans at any time).

## IV. The Crime-Fraud Exception.

Plaintiffs assert that Defendants' documents are not privileged because the crime-fraud exception applies. Plaintiffs aver that Defendants received legal advice to further their scheme of depriving ESOP participants of the increased value of King & Prince stock and reducing the number of shares owned by ESOP participants. Plaintiffs argue that Defendants failed to provide several material facts including: (1) the method of calculating the share price for a cash distribution; (2) Defendants expected an increase in share price; (3) Plaintiffs could elect a stock distribution and receive the benefit of increased valuation at the end of the plan year; and (4) Plaintiffs had a right to remain in the plan until age 65. Plaintiffs contend that Defendants' failure to disclose this information violates ERISA's civil and criminal provisions. Plaintiffs argue that the documents previously provided by

AO 72A
(Rev. 8/82)

Defendants reveal that communications between Defendants and their counsel were related to criminal or fraudulent activity.

Defendants generally assert that documents in Group One and Four should remain privileged and that these documents are not subject to the crime-fraud exception. Defendants contend that there is no evidence of fraud, and there is no link between the documents under review and the Plaintiffs' allegation of a fraudulent scheme.

The crime-fraud exception to the attorney-client privilege requires two parts:

> First, there must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it.

In re Grand Jury Investigation (Schroeder), 842 F.2d 1223, 1226 (11th Cir. 1987). To satisfy the first prong, evidence must be produced that if believed by the trier of fact, "would establish the elements of some violation that was ongoing or about to be committed." Id. "That showing must have some foundation in fact, for mere allegations of criminality are insufficient to warrant application of the exception." Id. The second prong is satisfied by a showing that the communication is related to the criminal or fraudulent activity established under the first prong. Id.

Plaintiffs have not sufficiently satisfied the prima facie requirements of the crime-fraud exception. Based on the documents and information submitted by both parties, Plaintiffs' assertions regarding a fraudulent plan or scheme are inconclusive; the documents submitted for *in camera* review do not directly pertain to any alleged plan or scheme by Defendants to limit the distribution of material information to plan beneficiaries,

8

or defraud Plaintiffs and plan participants. Moreover, there is no evidence to indicate that Defendants sought the advice of counsel to further an alleged fraud. To the contrary, documents submitted for *in camera* inspection pertain to communications regarding proposed amendments to the plan and remain protected by the attorney-client privilege.

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Enforcement of Discovery, pertaining to documents submitted for *in camera* inspection, is **DENIED**.

**SO ORDERED,** this 3rd day of February, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

9

AO 72A
(Rev. 8/82)