FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 APR -4 P 2: 39
CLERK_____
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LEONARDO DEL ROSARIO and
EVELYN WEST, Individually and on
Behalf of a Class of all Others Similarly
Situated,

Plaintiffs,

v.

KING & PRINCE SEAFOOD
CORPORATION, et al.,

Defendants.

Civil Action File
No. 2:04-CV-00036-DHB-JEG

## ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING FORM OF NOTICE, AND SETTING FAIRNESS HEARING

This action involves a claim for an alleged violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("*ERISA*"), with respect to the King & Prince Seafood Corporation Employee Stock Ownership Plan (the "*ESOP*").

Presented to the *Court* for preliminary approval is a settlement of this action as against all remaining *Defendants* (the "*Settlement*").[1] The terms of the *Settlement* are set out in a Stipulation and Agreement of Settlement (the "*Settlement Agreement*"), executed by the *Parties'* respective attorneys as of March 22, 2012, and filed with the *Court* on March 22, 2012.[2]

---

[1] The claims against Defendant Guy Still were dismissed as part of this *Court's* summary judgment order. [D.E. 301.] Additionally, *Plaintiffs* recently filed an unopposed motion to dismiss the *ESOP*, with prejudice, as a party defendant in the *Action*. [D.E. 406.]

[2] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the *Settlement Agreement*. References to a Paragraph in the *Settlement Agreement* include its relevant subparts.

Upon reviewing the *Settlement Agreement*, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. <u>Preliminary Findings Regarding Proposed Settlement</u>. The *Court* preliminarily finds that: (a) the proposed *Settlement* resulted from informed, extensive arm's-length negotiations and third party mediation; (b) *Class Counsel* has concluded that the proposed Settlement is fair, reasonable, and adequate; (c) the proposed *Settlement* is sufficiently fair, reasonable, and adequate to warrant sending notice (the "*Notice*") of the *Settlement* to the *Class Members*.

2. <u>Fairness Hearing</u>. A hearing is scheduled for June 4, 2012 (the "*Fairness Hearing*") to determine, among other things:

    (a) Whether the *Settlement* should be approved as fair, reasonable, and adequate to the *Class Members*;

    (b) Whether the litigation should be dismissed with prejudice pursuant to the terms of the *Settlement*;

    (c) Whether the *Notice* provided for by the *Settlement Agreement* and this Order was provided and: (i) was appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

    (d) Whether the *Plan of Allocation* proposed by *Class* Counsel should be approved; and

(e) Whether the application for attorneys' fees and expenses filed by *Class Counsel* should be approved.

3. Notice. A proposed form of *Notice* to *Class Members* is attached to the *Settlement Agreement* as Exhibit "C" and it attached hereto as Exhibit 1. With respect to such form of *Notice*, the *Court* finds that such form fairly and adequately: (a) describes the terms and effect of the *Settlement Agreement* and of the *Settlement*; (b) notifies the *Class Members* that *Class Counsel* will seek from the *Settlement Fund* an award of attorneys fees and reimbursement of expenses; (d) notifies the *Class Members* of the purpose, time and place of the *Fairness Hearing*; and (e) describes how the recipients of the *Notice* may object to any of the relief requested. The *Court* directs that *Class Counsel* shall:

(a) Within ~~two~~ seven (~~2~~ 7) days of the entry of this Order, cause the *Notice*, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be sent to each *Class Member*. Such *Notice* shall be sent either by e-mail or first-class mail, postage prepaid, to the *Person's* last known address as set forth in the records previously produced by King & Prince Seafood Corporation, or to such other more current address if known by *Class Counsel*.

(b) Within ~~two~~ seven (~~2~~ 7) days of the entry of this Order, cause the *Notice* to be published on the website identified therein.

At or before the *Fairness Hearing*, *Class Counsel* shall file with the *Court* a statement of timely compliance with the foregoing mailing.

4. <u>Objections to Settlement.</u> Any *Class Member* who wishes to object to the fairness, reasonableness, or adequacy of the *Settlement*, to the *Plan of Allocation*, to any term of the *Settlement Agreement*, or to the proposed award of attorneys' fees and expenses, may file and serve an Objection in accordance with the procedures set forth in the *Notice* no later than five (5) days before the *Fairness Hearing*.

5. <u>Appearance at Fairness Hearing.</u> Any objector who files and serves a timely, written objection in accordance with paragraph 4 above, may also appear at the *Fairness Hearing* either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear and be heard at the *Fairness Hearing* must follow the procedures set forth in the *Notice* and must also file a written notice of such intent with the Clerk of this *Court* no later than five (5) days before the hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph and the procedures set forth in the *Notice* shall not be permitted to appear at the *Fairness Hearing*, except for good cause shown.

6. <u>Service of Papers.</u> *Defendants' Counsel* and *Class Counsel* shall promptly furnish each other with copies of any and all objections that come into their possession.

7. <u>Additional Filings.</u> No later than ~~five (5)~~ **Ten (10)** days following the entry of this Order, *Class Counsel* shall file motions for final approval of the *Settlement*, approval of the proposed *Plan of Allocation*, and an application for award of attorneys' fees and cost reimbursement. Any opposition thereto shall be filed no later than five (5) days before the *Fairness Hearing*. Any reply if necessary shall be filed before the *Fairness Hearing*. These submission shall be heard at the *Fairness Hearing*.

6194151.1                                                                 4

8. <u>Termination of Settlement.</u> This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the execution date of the *Settlement Agreement*, if the *Settlement Agreement* is terminated in accordance with Paragraph 9 thereof. In such event, Paragraph 9 of the *Settlement Agreement* shall govern the rights of the parties.

9. <u>Use of Order.</u> In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the *Defendants* or the *Plaintiffs*.

10. <u>Continuance of Hearing.</u> The *Court* may continue the *Fairness Hearing* without further written notice.

SO ORDERED this 4th day of April, 2012.

_____
Dudley H. Bowen, Jr.
United States District Judge
United States District Court

Exhibit "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LEONARDO DEL ROSARIO and )
EVELYN WEST, individually and on behalf )
of a Class of all Others Similarly Situated, )
                                  )
     Plaintiffs,               )
                                  )
v.                                )     CV204-036
                                  )
KING & PRINCE SEAFOOD     )
CORPORATION, et al.,           )
                                  )
     Defendants.          )

## NOTICE OF PROPOSED SETTLEMENT OF THIS CLASS ACTION

TO:   ALL FORMER EMPLOYEES OF KING & PRINCE SEAFOOD CORPORATION WHO TERMINATED EMPLOYMENT FOR A REASON OTHER THAN DEATH, DISABILITY OR RETIREMENT AT AGE 65, AND WHO RECEIVED A DISTRIBUTION FROM THE COMPANY'S EMPLOYEE STOCK OWNERSHIP PLAN DURING PLAN YEARS 1998 THROUGH 2001, HAD AN ESOP ACCOUNT BALANCE IN EXCESS OF $5,000 AT THE TIME OF THEIR DISTRIBUTION AND RECEIVED A CASH OR CASH ROLLOVER DISTRIBUTION.

THIS NOTICE RELATES TO A CLASS ACTION LAWSUIT
THAT MAY AFFECT YOU AND YOUR LEGAL RIGHTS.

PLEASE READ CAREFULLY.

## WHAT IS THIS NOTICE ABOUT?

This notice is about a proposed settlement of the class action lawsuit that was filed against the King & Prince Seafood Corporation (the "Company"), the Company's Employee Stock Ownership Plan ("ESOP") and three of the ESOP's trustees (the "Trustees") (collectively the "Defendants") in connection with the Defendants' administration of the ESOP. You are receiving this notice because you are a member of the class covered by the lawsuit.

## THE CASE

The class, as certified, contains 162 members. The case was tried before the Court in October 2009. The decision of the Court of December 8, 2009, found that the Defendants violated federal law by failing to inform members of the class of their right to elect to receive a

distribution of their ESOP account balances in the form of company stock and their right to sell the stock back to the Company during one of two "put option periods" after the stock price had been reappraised. The Court further found that the class members, if fully informed, likely would have elected to receive their distributions in the form of stock and likely would have sold the stock back to the Company during the second put-option period. The Court further concluded that it lacked authority under controlling decisions of the United States Supreme Court to award money to compensate class members for the harm they likely suffered as a result of the Defendants' violations. Plaintiffs appealed and Defendants cross-appealed. While the matter was on appeal, the United States Supreme Court decided the case of *Cigna Corp. v. Amara*, ___ U.S. ___, 131 S.Ct. 1866 (2011), a decision that held that federal courts can award money to compensate individuals for harm that they suffer as a result of an ERISA plan fiduciary's breach of duty. *Id.* at 1878. By decision entered June 28, 2011, the United States Court of Appeals for the Eleventh Circuit vacated the District Court's prior judgment and remanded this action to the District Court for reconsideration in light of the *Amara* decision. *Del Rosario v. King & Prince Seafood Corp.*, 2011 WL 2555822 (11th Cir.)

Upon remand, this Court directed the parties to brief the impact of the *Amara* decision on the issues before the Court. The parties briefed their respective positions and simultaneously began settlement negotiations. The parties subsequently involved the services of Terrance White, Esquire, of Daytona Beach, Florida, a talented mediator who had previously mediated this matter without success. Over the following months, there were a number of interchanges of information between the parties and through Mr. White. Mr. White subsequently concluded that the positions of the parties had reached the point that it was reasonable to meet again in person to continue the mediation. The parties gathered at the offices of Bryan Cave in Atlanta on Monday, February 20, 2012. By the end of the day, the parties had reached a settlement that was memorialized in a preliminary term sheet. The parties have subsequently reduced their agreement to the settlement agreement that has been submitted to the Court for approval and preliminarily approved by the Court.

It is undisputed that: (i) there are 162 members of the class; and (ii) that had each of these class members elected to receive a stock distribution instead of cash or cash roll-over distribution from the ESOP, and had they sold that stock back to the Company in the second put-option period, they would have collectively received $1,640,518.08 more than they collectively received when they received their respective cash or cash roll-over distributions.

## THE SETTLEMENT

The proposed settlement provides that the Defendants will pay $2,875,000 to settle all claims. Class counsel will apply to be paid a fee from this fund and for reimbursement of their expenses. The fee applied for will be one third of the fund. However, the amount of the fee and expenses will be set by the Court at the hearing set for _____, 2012.

If the settlement is approved by the Court, the approved fees and expenses will be paid from the settlement fund and the balance of the settlement fund will be paid to you and the other class members under a plan of allocation as approved by the Court.

If the settlement is approved by the Court and the Court's order is not appealed, you should receive your check for your share of the settlement within sixty days after the settlement is finally approved.

The Settlement Agreement and the application of Class counsel for fees and reimbursement of expenses can be viewed at www.bellbrigham.com.

## WHAT ARE MY CHOICES

You do not have to do anything to participate in the settlement. Our records indicate that you are a member of the Class and you will therefore receive a distribution of a share of the net settlement proceeds if the proposed settlement is approved by the Court. The Court has set a hearing for _____, 2012, at _____ o'clock at the United States Courthouse, 801 Gloucester Street, Brunswick, Georgia. You do not need to attend the hearing to receive money from the settlement.

You have a right to object to the proposed settlement or to object to Class counsel's application for fees and reimbursement of expenses. You may do so by filing a written objection with the Clerk of the United States District Court at the Brunswick courthouse. An objection should set out the reasons for the objection. The deadline to file an objection is _____, 2012.

You also have a right to appear at the hearing on _____, 2012, and be heard. To do so, you must file a written request to be heard at the hearing. The deadline to file a request to be heard is _____, 2012.

## WHO IS REPRESENTING THE CLASS?

The Court has appointed Leonardo Del Rosario and Evelyn West to serve as class representatives, and has appointed the following attorneys to represent the class:

| | | |
|---|---|---|
| John C. Bell, Jr. | James Lee Ford, Sr. | Helen Cleveland |
| Leroy W. Brigham | JAMES LEE FORD, P.C. | CLEVELAND GILBREATH LLC |
| BELL & BRIGHAM | Building G, Suite 100 | 4197 Sentinel Post Rd., NW |
| 457 Greene Street | 6111 Dunwoody Road | Building 2 |
| Augusta, Georgia 30901 | Atlanta, Georgia 30328 | Atlanta, GA 30327-3905 |
| (706) 722-2014 | (678) 281-8750 | (404) 760-2792 |

## DO I NEED TO HIRE A LAWYER?

The Court has appointed the lawyers listed above to represent the Class. As a result, it is not necessary for you to hire a lawyer. However, you may hire your own lawyer if you wish. If you choose to hire your own lawyer, you will be responsible for paying his or her fees.

## WHAT SHOULD I DO IF I HAVE QUESTIONS?

If you have questions about the case, you may call one of the attorneys appointed by the Court to represent the class. If you wish to read more about the lawsuit, the complaint and other papers that have been filed in the case are available for your review at the offices of the lawyers listed above, and at the Clerk's office which is located at 801 Gloucester Street, Suite 220, Brunswick, GA 31520.

**DO NOT CALL THE CLERK OF COURT IF YOU HAVE QUESTIONS.**

**PLEASE ADDRESS ALL QUESTIONS TO ONE OF THE ATTORNEYS FOR THE CLASS LISTED ABOVE.**

_____
Clerk, United States District Court
Southern District of Georgia

DATED: _____, 2012.