IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LEONARDO DEL ROSARIO and
EVELYN WEST, Individually and on
Behalf of a Class of all Others
Similarly Situated,

        Plaintiffs,

v.

KING & PRINCE SEAFOOD
CORPORATION, et al.

        Defendants.

Civil Action File
No. 2:04-CV-00036-DHB-JEG
(Consolidated with CV 205-044)

## ORDER AND FINAL JUDGMENT

This Order concerns the settlement ("Settlement") of this litigation (the "Action") involving claims under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA") for alleged violations of the Consent Rule with respect to the King & Prince Seafood Corporation Employee Stock Ownership Plan (the "ESOP").[1]

---

[1] Unless otherwise defined herein, the capitalized terms defined in the Settlement Agreement submitted to the Court on March 22, 2012 (Dkt. No. 407-1) (the "Settlement Agreement") shall have the same meaning in this Order.

On April 4, 2012 (Dkt. 412), the Court entered its Order Preliminarily Approving Settlement and Setting Fairness Hearing ("Preliminary Approval Order"). The Court has received declarations attesting to the mailing of the Notice and publication of the Notice in accordance with the Preliminary Approval Order. A hearing was held on June 4, 2012 (the "Final Approval Hearing") to: (i) determine whether to grant the Final Approval Motion; (ii) determine whether to grant the Plan of Allocation; (iii) determine whether to grant the Class Counsel's petition for attorneys' fees and expenses; and (iv) rule upon such other matters as the Court might deem appropriate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this Action and all parties thereto pursuant to 29 U.S.C. § 1132(e).

2. Notice of the Settlement was provided to Class Members as directed by the Court's Preliminary Approval Order. The Notice constituted due, adequate, and sufficient notice of the Settlement to all Persons entitled to notice, and met all applicable requirements under the Federal Rules of Civil Procedure and any other applicable law.

3. The Settlement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the Action and of the strengths and weaknesses of their respective positions, and with the assistance of an experienced mediator.

4. The proposed Settlement warrants final approval because it is fair, adequate, and reasonable to the Class Members and the other Parties based upon (1) the complexity of the legal issues before the Court following the Eleventh Circuit Court of Appeals remand; (2) the unresolved issue of whether the Class Members are entitled to the equitable remedy of surcharge; (3) the unresolved issue of whether the pending Consent Rule claim in this Action can continue to be maintained as a class action; (4) the considerable expense and protracted nature of the proceedings if each Class Member had to pursue individual, non-class claims; (5) the likelihood that one or both sides would seek appellate review of the Court's ruling on the currently unresolved legal issues; (6) the range of reasonableness of the Settlement Amount in view of the best possible recovery and the risk of no recovery; and (7) the range of reasonableness of the Settlement Amount to a possible recovery in light of all the attendant risks of litigation.

5. The Final Approval Motion is GRANTED, and the Settlement is hereby APPROVED as fair, adequate and reasonable to the Class Members and the

other Parties, and in the public interest. The settling parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

6. The Plan of Allocation proposed by Class Counsel is hereby APPROVED as fair, adequate, and reasonable to the Class Members. The Settlement Fund Administrator shall, in accordance with the provisions of the Settlement Agreement, disburse the Settlement Funds to the Class Members in accordance with the Plan of Allocation, subject to any amounts withheld by the Settlement Fund Administrator for the payment of taxes, statutory penalties, expenses and other sums as authorized in the Settlement Agreement, and attorneys' fees and expenses as authorized by this Order. The Court finds that the payments required to be made under the Plan of Allocation are in settlement of disputed claims in this Action for equitable surcharge and pre-judgment interest; and that the method for allocating the class-wide recovery to individual Class Members is appropriate, fair and reasonable. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

7. Plaintiffs' Counsel are hereby awarded attorneys' fees of $946,333.33 and expenses of $36,000.00. Such award shall be payable from the Settlement Fund in accordance with the terms of the Settlement Agreement.

8. The Court retains jurisdiction over the Action, the Parties and the Class Members for all matters relating to the implementation, interpretation, and enforcement of the Settlement Agreement, this Order and Final Judgment, and any application for fees and expenses incurred in connection with future actions necessary to fully consummate the Settlement and distribute the proceeds thereof.

9. Without further order of the court, the Parties may agree in writing to a reasonable extension of time to carry out any of the provisions of the Settlement Agreement.

10. The following claims are or shall be released, as set forth in Section 3, Paragraphs 3.1 and 3.2 of the Settlement Agreement:

a. Upon the Effective Date, the Named Plaintiffs and the Class Members, on behalf of themselves and their respective current and former spouses, personal representatives, heirs, executors, administrators, trustees, successors-in-interest, and assigns, shall absolutely, unconditionally, irrevocably, and conclusively release and forever discharge each of the Released Parties from all

Released Claims. Upon the Effective Date, the Named Plaintiffs and the Class Members, and their respective current and former spouses, personal representatives, heirs, executors, administrators, trustees, successors-in-interest and assigns shall be bound by this Settlement Agreement and shall be precluded from pursuing any other claims, counterclaims, actions, demands, rights, liabilities, suits, or causes of action, in any judicial or administrative forum of any kind, against the Released Parties with respect to the Released Claims.

    b.    Upon the Effective Date, all Defendants, on behalf of themselves and their respective predecessors and successors-in-interest, absolutely, unconditionally, irrevocably, and conclusively shall release and forever discharge the Named Plaintiffs and the Class Members with respect specifically and exclusively to any claim or cause of action that may arise from the institution or prosecution of the Action.

    11.    The following covenants not to sue, as set forth in Section 4, Paragraphs 4.1 and 4.2 of the Settlement Agreement, are hereby incorporated in this Judgment:

    a.    As of the Effective Date, each Named Plaintiff and Class Member shall be deemed to have covenanted and agreed: (a) not to directly or indirectly file or otherwise assert against any Released Party any claim,

counterclaim, action, demand, suit, or cause of action based on, arising from, or reasonably relating to any Released Claim; and (b) that the foregoing covenants and agreements shall be a complete defense to any such claim, counterclaim, action, demand, suit, or cause of action filed or otherwise asserted, directly or indirectly, by any Named Plaintiff or Class Member against any Released Party.

    b. As of the Effective Date, each Defendant shall be deemed to have covenanted and agreed: (a) not to file or otherwise assert against any Named Plaintiff or Class Member any claim, counterclaim, action, demand, suit, or cause of action pertaining to or specifically and expressly arising from any claim released pursuant to Paragraph 3.3 of this Settlement Agreement; and (b) that the foregoing covenants and agreements shall be a complete defense to any such claim, counterclaim, action, demand, suit, or cause of action brought by any Defendant against any Named Plaintiff or Class Member.

  12. All counts asserted in the Action are DISMISSED WITH PREJUDICE, without further order of the Court, pursuant to the terms of the Settlement Agreement.

13. In the event that the Settlement is terminated in accordance with the terms of the Settlement Agreement, this Judgment shall be null and void and shall be vacated nunc pro tunc, and Section 9 of the Settlement Agreement shall govern the rights of the Parties thereto.

SO ORDERED this 4th day of June, 2012.

_____
Hon. Dudley H. Bowen, Jr.
United States District Judge
United States District Court